UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE SEYMORE,

                Petitioner,                Case Number 2:12-CV-12742
                                                                   Honorable Nancy G. Edmunds

v.

DEBRA SCUTT,

                Respondent.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS

Petitioner, Tommie Lee Seymore, presently serving a term of life imprisonment in a Michigan correctional facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court conviction for one count of first-degree murder, MCH. COMP. LAWS 750.316. Because Petitioner filed a prior habeas corpus petition challenging this conviction which was denied for failure to comply with the statute of limitations, his pending petition will be transferred to the court of appeals as a second or successive petition as required by *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

I.

Petitioner was convicted of first degree murder following a jury trial in the Wayne Circuit Court. On December 20, 1990, the Court imposed its sentence of life imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals. The conviction was affirmed. *See People v. Seymore*, No. 137544 (Mich. Ct. App. Aug. 4, 1994). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied

by standard order. *See People v. Seymore,* 448 Mich. 920 (1995) (table).

Petitioner pursued post-conviction relief in the state courts, but these appeal were also denied. *See People v. Seymore*, No. 263724 (Mich. Ct. App. Mar. 16, 2006); *People v. Seymore*, 477 Mich. 906 (2006) (table).

On December 6, 2007, Petitioner filed his first petition for writ of habeas corpus in this Court. On October 16, 2008, United States Judge Paul J. Komives issued a Report and Recommendation that the petiton be denied because it was fied after expiration of the one-year statute of limitations applicable to habeas actions bought by state prisoners. The Court accepted the recommendation over Petitione's objections and dismissed the petition. *See Seymore v. Warren*, No. 07-15166 (E.D. Mich. August 31, 2009)(J. Steeh). Petitioner was denied a certificate of appealability by both this Court and the Sixth Circuit. *See Seymore v. Warren*, No. 09-2237 / 09-2516 (6th Cir. March 29, 2010).

On June 21, 2012, Petitioner filed the instant habeas petition, again challenging the validity of his first-degree murder conviction. His sole claim asserts that Michigan's first-degree murder statute was not validly enacted by the state legislature.

II.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must

transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims, supra* (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The instant case constitutes Petitioner's second petition for habeas relief. His first petition was dismissed with prejudice, and the Sixth Circuit turned-down Petitioner's efforts to appeal the denial. Petitioner cannot proceed with the issue raised in the present petition, therefore, without first acquiring permission to file a second or successive habeas petition from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the habeas petition to the court of appeals pursuant to Sims and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED** without prejudice for want of jurisdiction.

It is further **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                              s/Nancy G. Edmunds  
                              Nancy G. Edmunds  
                              United States District Judge

Dated: July 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2012, by electronic and/or ordinary mail.

                         <u>s/Carol A. Hemeyer</u>
                         Case Manager