UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

    Petitioner,                                    Civil No. 12-CV-12742
                                                Honorable Nancy G. Edmunds

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [dkt. # 5]**

On June 21, 2012, Petitioner filed a petition for writ of habeas corpus. The petition challenged the jurisdiction of the Wayne Circuit Court to try, convict, and sentence Petitioner for first-degree murder on the grounds that Michigan's first-degree murder statute was not validly enacted. Because Petitioner had previously challenged this conviction in a federal habeas action, the Court ordered the case transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 2244(b) as a "second or successive" habeas petition.

Pending before the Court is Petitioner's motion for relief from judgment. Petitioner asserts that the Court misunderstood the nature of his second habeas petition. He argues that the current petition does not count as a "second or successive" petition because it attacks the state courts' rejection of his jurisdictional claims raised in a civil proceeding rather than the conviction itself.

A motion under FED. R. CIV. P. 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be

2:12-cv-12742-NGE-MAR Doc # 6 Filed 08/16/12 Pg 2 of 3 Pg ID 79

served." *Cornell v. Nix*, 119 F. 3d 1329, 1332 (8th Cir. 1997).

Petitioner has not met this standard. It is true that a petition that does not challenge the underlying conviction or sentence is not subject to the second or successive restriction. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). However, what counts is the relief sought, not the label given to a petition by the petitioner. *See, e.g., Corrao v. United States*, 152 F.3d 188, 191 (2nd Cir. 1998). Notwithstanding the fact that Petitioner exhausted his new claim by way of a civil action in the state courts, the fact remains that his current petition seeks a release from custody from his first-degree murder conviction. His petition claims: "Petitioner, Tommie Seymore, is being restrained of his liberty . . . as a result of his federal and state constitutional due process rights being violated . . . by the Detroit Recorder's Court . . . when that court tried the Petitioner for first-degree murder under MICH. COMP. LAWS 750.316 . . . which is not a valid law. . . ." Petition, at 2. Accordingly, the petition clearly seeks habeas relief from the same conviction he challenged in his first habeas proceeding and therefore counts as a "second or successive" petition under § 2244(b).

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt. # 5] is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 16, 2012

-2-

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager